The document below is hereby signed.

Signed: November 19, 2017



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LORI A SAXON, | ) | Case No. 17-00611 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | NOT FOR PUBLICATION IN THE |
| | ) | BANKRUPTCY REPORTER |

MEMORANDUM DECISION AND ORDER RE SAXON'S
OPPOSITION TO DISMISSAL OF THE BANKRUPTCY CASE AND MOTION TO
STRIKE THE COURT'S ORDER AND RECONSIDERATION BY THE FULL COURT

Lori Saxon has filed an opposition to this court's order dismissing this case and a motion to strike this court's order and request reconsideration by the full court (Dkt. No. 25). Saxon provides no basis for striking this court's *Order of Dismissal* (Dkt. No. 14), and the court will therefore deny Saxon's motion to strike.  Further, reconsideration by the full court is not a remedy available in the bankruptcy court, and that request will be dismissed.

I

The Bankruptcy Code defines who may and may not be a debtor. 11 U.S.C. § 109.  Under § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit

counseling within 180 days prior to the filing of a case in bankruptcy. Saxon alleges that she should be exempted from § 109(h)(1) because of extenuating circumstances. An exception arises under § 109(h)(3)(A) if the debtor:

> submits to the court a certificate that—
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and
>
> (iii) is satisfactory to the court.

Saxon contends that her home would be foreclosed on a nonvalidated debt if Saxon did not file for bankruptcy. However, the motion does not provide sufficient facts to conclude exigent circumstances that merit waiver of § 109(h)(1). Saxon does not provide any facts as to why the debt was not validated, purportedly making this an unjust foreclosure, nor does Saxon provide sufficient facts as to why she could not have obtained credit counseling prior to the foreclosure sale creating an exigent circumstance. The only facts provided to the court as to the unavailability of credit counseling is that Saxon was placed on hold every time she called, and these facts were alleged in Saxon's motion for extending time to obtain credit counseling (Dkt. No. 6). These facts are insufficient to show exigent

circumstances.

Moreover, even if the court accepts the imminent foreclosure as an exigent circumstances, *compare In red Rodriguez*, 336 B.R. 462, 474-475 (Bankr. Id. 2005) (holding that filing a petition on the eve of foreclosure was not an exigent circumstance because "[f]oreclosures do not come without a good deal of advance notice ... nonbankruptcy law has myriad procedural protections for debtors providing advance notice of what might occur and when"), *with In re Cleaver*, 333 B.R. 430, 435 (Bankr. S.D. Oh. 2005)(holding imminent foreclosure was an exigent circumstance because "the common reality is that many debtors file at the last minute just before a foreclosure sale . . . [f]urthermore, it is difficult to conceive of an exigent circumstances related to bankruptcy that would not involve impending creditor action"), Saxon does not meet the exception of § 109(h)(3).

Saxon is also required to show that she "requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain [credit counseling] during the 7-day period beginning on the date on which the debtor made the request."  Saxon does not allege any facts that she requested credit counseling or that she was unable to obtain credit counseling within the 7-day period after making any request.  In fact, Saxon's motion to extend time for credit counseling (Dkt. No. 6) implies that she never made any request

for credit counseling services because she was put on hold every time she called.

Nor is Saxon's certification satisfactory to the court, as it does not provides any facts to fully analyze the circumstances surrounding the foreclosure, any attempts Saxon has made to obtain credit counseling, or any other reason why Saxon is eligible for an exception from § 109(h)(1)'s requirement of prepetition credit counseling.  Accordingly, Saxon does not qualify for an exception to § 109(h)(1) and does not qualify as a debtor under title 11.  There is, accordingly, no basis for striking this court's *Order of Dismissal*.

II

Saxon requests reconsideration by the full court.  This request is not a remedy available in the bankruptcy court.  The debtor may request the court reconsider its ruling under Fed. R. Civ. P. 59, made applicable in bankruptcy under Fed. R. Bankr. P. 9023, seek relief from the judgment under Fed. R. Civ. P. 60, made applicable to bankruptcy under Fed. R. Bankr. P. 9024, or the debtor may request an appeal to the District Court in accordance with 28 U.S.C. § 158 and Part VIII of the Fed. R. Bankr. P.  Saxon's motion for reconsideration by the full court, however, will be dismissed.

III

For the aforesaid reasons, it is

ORDERED that Saxon's motion to strike the courts' *Order of Dismissal* (Dkt. No. 14) is DENIED.  It is further

ORDERED that Saxon's request for a reconsideration by the full court is DISMISSED.

[Signed and dated above.]

Copies to: All entities on the BNC mailing list.