The document below is hereby signed.

Signed: December 5, 2017



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LORI A SAXON, | ) | Case No. 17-00611 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

### MEMORANDUM DECISION AND ORDER RE NOTICE OF APPEAL

On December 1, 2017, the debtor attempted to file with the United States Court of Appeals for the District Columbia Circuit a *Notice of Appeal* and a *Civil Docketing Statement*. These documents referred to orders of the Bankruptcy Court in the above-captioned bankruptcy case as being the matters that the debtor was attempting to appeal. (No matters are pending in the District Court involving the debtor, and thus there are no orders issued in that court as to which a notice of appeal could be filed.) The Clerk of the Court of Appeals transmitted the documents to the Clerk of the Bankruptcy Court, and the documents have been filed on the docket of the above-captioned bankruptcy case.

Under Rules 8003 and 8004 of the Federal Rules of Bankruptcy

Procedure, an appeal of an order of the Bankruptcy Court must be commenced by the filing of a notice of appeal to the District Court.  Even if the matter is later certified for direct appeal to the Court of Appeals, Fed. R. Bankr. P. 8006(a)(2) requires that there first have been a notice of appeal to the District Court under Rule 8003 or Rule 8004.

As in *Robinson v. Roberts & Stevens, P.A. (In re Robinson)*, Civil No. 1:10cv226, 2011 WL 1695914, at *1-2 (W.D.N.C. May 3, 2011), when a notice of appeal to the Court of Appeals is filed regarding a Bankruptcy Court order, the proper procedure is to treat the notice of appeal as a notice of appeal to the District Court and as seeking certification of the appeal as a direct appeal to the Court of Appeals under 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8006(f)(1).  This appeal does not warrant a direct appeal to the Court of Appeals, and the Bankruptcy Court will deny the requested certification of the appeal as a direct appeal to the Court of Appeals.

The debtor has not paid the $298 in fees ($5 under 28 U.S.C. § 1930(c) and $293 under item 14 of the *Bankruptcy Court Miscellaneous Fee Schedule*) for filing the notice of appeal, and has not filed an application for leave to proceed *in forma pauperis*.  The dismissal of the bankruptcy case was based on the debtor's failure to comply with 11 U.S.C. § 109(h).  An appeal of that ruling is frivolous and does not merit granting *in forma*

*pauperis* status.

In light of the foregoing, it is

ORDERED that the *Notice of Appeal* is treated as a notice of appeal to the District Court.  It is further

ORDERED that the Clerk shall forthwith transmit the *Notice of Appeal*, and a copy of this Order, to the Clerk of the District Court pursuant to Fed. R. Bankr. P. 8003(d)(1) and 8004(c)(1), notifying the Clerk of the District Court that the debtor has not paid the $298 in filing fees, and has not filed an application in the Bankruptcy Court for leave to appeal *in forma pauperis*.  It is further

ORDERED that the *Notice of Appeal* is also treated as seeking a certification under Fed. R. Bankr. P. 8006(f)(1) for certification for direct review in the Court of Appeals of the Bankruptcy Court's orders and the requested certification is DENIED.

[Signed and dated above.]

Copies to: Debtor; e-recipients of orders.